SIDNEY M. LAYTON *vs.* THE STATE OF NEW JERSEY, on the relation of the Board of Chosen Freeholders of the County of Hudson.

1. A writ of error will not lie, in this state, to review the decision of the Supreme Court on the award of a *mandamus*.

2. Whether the proceedings can be reviewed by writ of error, where the court, under color of an award of *mandamus*, decide private rights. *Query.*

In error to the Supreme Court.

The writ of error in this case was brought to review the decision of the Supreme Court on the award of a *mandamus*.

The counsel for the defendants moved to dismiss the writ upon the ground that this court had not jurisdiction.

*I. W. Scudder* and *A. O. Zabriskie*, for motion.

*J. P. Bradley*, contra.

The opinion of the court was delivered by the

CHANCELLOR. The court are asked to dismiss this writ of error for want of jurisdiction. The only question is, whether, by law, a writ of error lies in this state upon the award of a *mandamus*.

It is conceded that it will not lie upon the award of an alternative *mandamus*, for that is in the nature of a rule to show cause. It is not a final order or judgment.

By the ancient common law, it would not lie upon the award of a peremptory *mandamus*. As early as 1724, it was decided, by the unanimous judgment of the House of Lords, affirming the unanimous judgment of the Court of King's Bench, that " no writ of error will lie upon the award of a peremptory *mandamus*." *The Dean and Chapter of the Cathedral Church, Dublin,* v. *The King*, 2 *Bro. Parl. Cas.* 554.

The statute 6 and 7 *Victoria* (1843) has changed the rule of the common law, and has authorized parties to prosecute writs of error in certain cases upon the proceedings on writs of *mandamus. Tapping* 8, 487.

The nature and design of the proceeding, in its original institution, precluded the idea of a review by writ of error. It was not in the nature of a civil suit between parties to settle private rights. The award of the *mandamus* does not purport to adjudge or decide any right. It is rather in the nature of an award of execution than of a judgment. It is the mode of *compelling* the performance of an acknowledged duty, or *enforcing* an existing right, rather than deciding what that right or duty is. The award is no finality. It concludes nothing. If the writ is denied, the relator cannot have error, and if granted, the award could not be pleaded in bar. Like a *procedendo* or a prohibition it was a simple command to perform a

duty. The award of a *mandamus* to an inferior court to proceed to judgment—to issue an execution—to restore an appeal—to a public officer to perform a specified duty—is not founded on a judicial determination of any right. There is no judgment, or order in the nature of a judgment, from which error can lie. The use of the writ has been extended to cases which involve more directly private right; but even in such case at common law there was no judicial determination of the writ on the proceeding upon *mandamus*.

The return to the alternative writ of *mandamus* was conclusive. If the return admitted the right, the *mandamus* issued—if it denied the right, the *mandamus* was denied. The relator could neither plead to or traverse the return. He was driven to his action for a false return. If he recovered judgment in that action, the *mandamus* issued. The *mandamus* was awarded not by virtue of any decision in the proceedings for a *mandamus*, but upon the determination of the right in another action. The award of the *mandamus* did not purport to determine the right, but it was made on the ground that the right had been established.

The statute of Anne, of which ours is a copy, was clearly designed to make the proceedings more efficacious—1st, by compelling a prompt return to the alternative writ : and 2d, by enabling the relator, if he saw fit, to traverse the return, and thus draw the question of right in issue.

The relator was thus enabled to have the right decided upon the proceeding for *mandamus* without resorting to another action. This was optional with the relator. If he adopted that course, then the whole character of the proceedings was changed. Questions, both of law and fact, were put in issue, and the court were required to decide the question of *right*. The statute does not authorize a *demurrer* to the return. There was no necessity for a *demurrer*. The validity of the return was always decided upon a special motion or *concilium*, either upon motion to

quash the return or for a peremptory *mandamus*. The language of the statute is peculiar. It authorizes the person prosecuting the writ of *mandamus* "to plead to or traverse all or any of the material facts contained within the said return, to which the person making the return shall reply, take issue, or *demur*." No *demurrer*, it is believed, was ever used in Westminister Hall under the statute, and clearly there is no power in the court to compel a *demurrer*. The statute of Victoria recites that there is, neither in the statute of Anne nor in any other statute, any power or authority given to the person prosecuting the writ of *mandamus* to demur to the return, so that the decision of the court on the validity of the return could be reviewed by a court of error.

It is not designed to call in question the broad powers of this court to review upon writ of error all orders or awards in the nature of a final judgement made upon questions of legal right, nor, in the least degree, to trench upon the previous decisions upon that point. But there is, it is believed, no case in which it has been held that the award of a writ in virtue of the prerogative power has ever been held to be the subject of review. In this respect, the common law has not been altered in this state. If it is now to be altered, it is better that it should be done by the legislature, rather than by exercise of judicial authority.

I am of opinion that no writ of error lies in this case, not because there is no formal common law record or judgment, but—

1. Because the proceeding by *mandamus* is not in the nature of a civil suit for the determination of private right, but an exercise of prerogative power.

2. Because the order awarding the writ is not in the nature of a final judgment upon a question of right between the parties.

3. Because, by the well settled rule of the common law (which is the law of this state), no writ of error lies

City of Hudson *v.* Andrews.

from such order, and because the rule of the common law, in this particular, has never been altered, either by usage or by statute.

Should the court, under color of an award of *mandamus*, decide private rights, that may present a question for consideration which is not involved in this case.

The writ must be dismissed with costs.

*In affirmative*—The CHANCELLOR, Judges HAINES,OGDEN, VREDENBURGH, WHELPLEY, COMBS CORNELISON, RISLEY, SWAIN, and WOOD.

*In negative*—None.

CITED in *O'Donnel* v. *Dusman,* 10 Vr. 681.